UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATHEW BONNEN
68 Hickory Lane
Roslyn Heights NY 11577

      Plaintiff  :  CIVIL ACTION NO. _____

   v.  :  ASSIGNED TO JUDGE _____

POCONO WHITEWATER, LTD
57 Broadway
Jim Thorpe, PA  18229
 -and-
1519 State Route 903
Jim Thorpe, PA  18229

      Defendant  :  JURY TRIAL DEMANDED

## COMPLAINT

AND NOW, comes the Plaintiff, Mathew Bonnen, by and through his attorneys, Metzger, Wickersham, Knauss & Erb, P.C., and respectfully represent the following:

1. Plaintiff, Mathew Bonnen, is an adult individual who resides at 68 Hickory Lane, Roslyn Heights, New York 11577.

2. Mathew Bonnen is the brother of Christopher Santana, who died on September 1, 2018.

3. Defendant, Pocono Whitewater, Ltd. (hereinafter sometimes referred to as "Pocono"), is a Pennsylvania corporation with a principal office and place of business at 57 Broadway, Jim Thorpe, Carbon County, Pennsylvania, 18229.

4. Defendant Pocono, at all times relevant hereto, was engaged in the business of conducting whitewater rafting tours on the Lehigh River in Jim Thorpe, Carbon County, Pennsylvania.

5. This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

6. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

7. Venue is properly laid in the Middle District of Pennsylvania because the action arises out of a premises incident which occurred in Carbon County, Pennsylvania.

8. The facts and circumstances hereinafter set forth occurred on September 1, 2018, at or about 12:45 p.m. while on a whitewater rafting excursion on the Lehigh River in Jim Thorpe, Carbon County, Pennsylvania.

9. It is believed and therefore averred that on the morning of September 1, 2018, a dam release of 1,700 cubic feet of water per second was released from

the Francis E. Walter Dam. A dam release increases the power of the rapids downstream.

10. At the aforesaid time and place, Plaintiff and eight of his relatives/friends were engaged in the recreational activity of whitewater rafting as a paying customer of the Defendant.

11. Prior to the time of the incident herein complained of, Plaintiff and others had learned of the Defendant's business through advertising brochures and/or other materials published and distributed by the Defendant.

12. As part of its advertising brochures and/or other materials, the Defendant represented that no experience was necessary.

13. At the time of the incident, the Plaintiff and other occupants of the raft in which Plaintiff occupied, were inexperienced whitewater rafters.

14. On the whitewater rafting tour in which Plaintiff participated on September 1, 2018, there were a total of 17 rafts containing approximately 109 rafters.

15. At the time of the incident, Plaintiff was an occupant of a eight (8) foot raft provided by the Defendant, along with eight (8) other occupants of said raft, none of whom were guides.

16. According to Defendant's promotional materials, each raft is to accommodate 4 to 6 people.

17. On the whitewater rafting tour, approximately three (3) to five (5) servants, agents and employees of Defendant were acting as guides (hereinafter referred to as "guides") for the group of 109 rafters. The guides utilized individual kayaks and were not in the rafts with the rafters, including Plaintiff's raft.

18. At the aforesaid time, the raft which Plaintiff was occupying was on a stretch of the Lehigh River between Rockport and Glen Onoko, without a guide in the raft for assistance. This stretch of the Lehigh River is classified as between Class II and Class III.

19. At the aforesaid time and place, Plaintiff's raft hit a rock, throwing Plaintiff's brother, Christopher Santana from the raft into highly turbulent and rocky water.

20. Plaintiff's brother, Christopher Santana's foot became lodged and/or stuck between rocks on the bed of the Lehigh River and he was unable to free himself.

21. Upon seeing that his brother was unable to free himself from the rocks, Plaintiff and the other occupants of the raft began yelling to alert a guide.

22. Plaintiff jumped into the Lehigh River and attempted to reach his brother to try and help free his foot but was unable to.

23. As a result of the aforesaid incident, Plaintiff's brother, Christopher Santana, was submerged under the waters of the Lehigh River for a considerable

period of time, during which the Defendant failed to exercise appropriate efforts to extricate Christopher Santana from the position of danger.

24. Several minutes after Christopher Santana's foot became stuck and he was submerged under the water, two guides maneuvered their kayaks to where Christopher Santana was submerged. Their only attempt to extricate Christopher Santana was to pull on his arms from the position of their kayaks.

25. As a result of the aforesaid incident, Plaintiff's brother, Christopher Santana, drowned.

26. At all times relevant hereto, Defendant was acting by and through its duly authorized servants, agents and employees, who were then and there engaged upon the performance of their duties, within the scope of their duties, within the scope of their employment and upon the business of Defendant.

**COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

27. Paragraphs 1 through 26 hereof are incorporated herein by reference as if fully set forth.

28. Plaintiff, Mathew Bonnen, was with his brother, Christopher Santana, at the time Christopher Santana fell out of the raft and when he became submerged in the Lehigh River.

29. Plaintiff, Mathew Bonnen, witnessed the within incident first-hand.

30. Plaintiff has been extremely traumatized by the drowning of his brother and has developed severe emotional distress which has manifested itself in causing symptoms including, but not limited to grief, anxiety, depression, nervousness and sleeplessness, any and all of which has caused him to suffer great pain and suffering, all of which is continuing, and any and all of which may be permanent.

WHEREFORE, Plaintiff, Mathew Bonnen, demands judgment in his favor and against Defendant, Pocono Whitewater, Ltd., for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: _____
Andrea M. Cohick, Esquire
Attorney I.D. No. 307410
Zachary D. Campbell, Esquire
Attorney I.D. No. 93177
2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
(717) 238-8187
(717) 234-9478 (fax)
amc@mwke.com
Attorneys for Plaintiffs

Dated: 8/26/2020

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Andrea M. Cohick, Esquire, hereby declare that I am the attorney for the Plaintiffs and that the facts in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I, Andrea M. Cohick, Esquire, further declare under the penalty of perjury that the foregoing is true and correct.

        METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: _____
        Andrea M. Cohick, Esquire
        Attorney I.D. No. 307410
        Zachary D. Campbell, Esquire
        Attorney I.D. No. 93177
        2321 Paxton Church Road
        P.O. Box 69200
        Harrisburg, PA 17106-9200
        (717) 238-8187
        (717) 234-9478 (fax)
        amc@mwke.com

Dated: 8/26/2020        Attorneys for Plaintiffs